UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| KENNETH REESE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CV-065-DCLC-MJD ) |
| OFFICER KIRBY, COFFEE COUNTY SHERIFF'S OFFICE, and COFFEE COUNTY JAIL, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM & ORDER**

Plaintiff, a Coffee County Jail inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of an attack on him by other inmates in 2022 [Doc. 1], as well as an amended complaint [Doc. 20], both of which are now before the Court. For the reasons set forth below, this action will be **DISMISSED without prejudice** because the complaints are time-barred.

**I.     SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     ALLEGATIONS**

In his complaint, which he signed on July 22, 2025 [Doc. 1 p. 11], and his amended complaint, which he filed on November 10, 2025 [Doc. 20 p. 2], Plaintiff states that on September 1, 2022, while he was on protective custody and should not have been around other inmates, Defendant Officer Kirby purposely allowed "max inmates" out during Plaintiff's recreation, and these inmates assaulted him and caused him serious injuries [Doc. 1 p. 4, 5, 7; Doc. 1-1 p. 1; Doc. 1-2 p. 1; Doc. 20 p. 1]. Plaintiff also states that in September 2022, he filed grievances and appeals about this incident, but the only relief he received was being moved to a different cell [Doc. 1-1 p. 1–2; Doc. 1-2 p. 1]. Plaintiff further asserts that for "over a year" prior to filing his complaint, he asked for a § 1983 complaint packet, but "the jail would never let [him] have it" [Doc. 1-2 p. 2].

**C.     Analysis**

First, it is apparent from the face of Plaintiff's complaint that his claims are time-barred, as Plaintiff states that the assault underlying his complaints occurred on September 1, 2022 [Doc.

1p. 4], which is nearly three years before he filed his original complaint on July 22, 2025 [*Id.* at 11].

District courts apply state statutes of limitations § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3). Federal law governs when the statute begins to run. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete, *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule is that the limitations period starts "when the plaintiff has a complete and present cause of action") (citation omitted).

The statute of limitations is tolled while a prisoner plaintiff exhausts his available administrative remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Additionally, equitable tolling of the statute of limitations is available where a plaintiff demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). But this equitable tolling generally "applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F. 3d 552, 560–61 (6th Cir. 2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. It is appropriate for a district

court to dismiss claims that are time-barred at screening. *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at * 2 (6th Cir. Mar. 25, 2020) (affirming district court's dismissal of time-barred claims at screening).

As set forth above, record establishes that Plaintiff finished pursuing his available administrative remedies in September 2022, which nearly three years before he filed his initial complaint in this case on July 22, 2025. As such, is apparent from the face of the complaint that Plaintiff's claims are untimely by approximately twenty-two months.

Also, while Plaintiff also states in a letter he filed with his complaint that he attempted to obtain a complaint packet for more than a year before he filed his complaint in this action, but the jail would not provide him with one, this conclusory statement is insufficient to entitle him to equitable tolling of the statute of limitations, as it does not establish that Plaintiff diligently pursued his rights but an extraordinary circumstance prevented him from timely filing this action. Specifically, Plaintiff does not state when he first requested a complaint packet, or how many times he did so. But most notably, Plaintiff does not indicate that he did not have access to paper and writing utensils, such that he was unable to timely request a § 1983 complaint from the Court or to file a § 1983 complaint with the Court without using a form, as many prisoners routinely do. Moreover, it is apparent that, if that were the case, Plaintiff would have stated it in his complaint. *Scheid v. Fanny Farmer Candy*, 859 F.2d 434, 437 (6th Cir. 1988) (noting that "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist" (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976))).

Accordingly, this action will be **DISMISSED without prejudice** to Plaintiff demonstrating that he is entitled to equitable tolling.

### III. CONCLUSION

For the reasons set forth above:

1. It is apparent from the face of Plaintiff's complaint and amended complaint that his claims are time-barred, and Plaintiff has not demonstrated that he is entitled to equitable tolling;

2. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge